2. 3. 4. 5. 6. 7. 8. 9. 10. 11. 12. 13. 14. 15. 16. 17. 18.     23. 24. 25. 26. 27. 28. 29. 30. 31.  33.  35. 36. 37. 38. 39. 40. 41. 42. 43. 45. 46. 47. 48. 49. 50. 51. 52. 53. 54. 55. 56. 57. 58. 59.       66. 67. 68. 69. 70. 71. 72. 73. 74.      80. 81. 82. 83. 84. 85. 86. 87. 88. 89. 90. 91. 92. 93. 94. 95. 96. 97. 98. 99. 100. 1. 2. 3. 4. 5. 6. 7. 8. 9. 10. 11. 12. 13. 14. 15.       22. 23. 24. 25. 26. 27. 28. 29. 30. 31. 32. 33. 34. 35. 36. 37. 38. 39. 40. 41. 42. 45. 46. 47. 48. 49. 50. 51. 52. 53. 54. 55. 56. 57. 58. 59. 60. 61.     66. 67. 68. 69. 70. 71. 72. 73. 74. 75. 76. 77. 78. 79. 80. 81. 82. 83. 84. 85. 86. The materiality is gauged in terms of the count. But what the board did is gauge materiality separate from that. In fact, even said in the first instance that you don't look at the count or the Carter patent claims. You only look at the pre- and post-critical date claims with each other and not with regard to the count. That's where we think there was an error. Because that's not consistent with 35 U.S.C. 135B or the prior case law. But how is that consistent with 135B as a statute of opposed? You seem to be saying that you can make any claim you want as long as there are at least some parts of it that are not materially different than an earlier claim. As long as you have all material limitations of the count in the earlier claim, the interference could have been declared earlier. That's the one exception that the case law has recognized to the one-year time bar. Can you find that in our precedent where? Your position? That's in Corbett v. Chisholm. That's in N. Ray Berger. Corbett v. Chisholm. That's in Regents. Where in Regents? Referring to page 1375, the middle of the first column. In Regents, let me make sure I have the right page here. 1375, yes. I think the sentence starts instead. Right. Is that where you want to go? Instead, as this court's precedent explains, California must demonstrate that claims in the 191 application provide pre-critical date support for the post-critical date identity between claim 205, which was the post-critical date claim, and the 646 patent. Which is the claim that represents the count for interference. Right. But doesn't that refer to the sentence, a few sentences earlier, that starts section 135B1, bars any claim having a degree of identity with a claim in an issued patent, etc. The degree of identity there, I take it, is a shorthand of the same or substantially the same requirement to provoke an interference. It seems to me that it's very hard to read the sentence that you're referring to as supporting your position given the statements in Berger and other precedent that simply refers to your ability to predate a claim filed more than a year after the patent, and that requirement being that you have to show that it's not materially different from an earlier claim. You've got to get the benefit of the backdating. Right. And to do that, you've got to show that the new claim is not materially different from an earlier claim in order to obviate the late filing because 135B is a statute of riposte. Right. But the materiality is determined in view of the count or the patent claims, depending upon what the cases have looked at. So it's not that all limitations of that post-critical date claim have to be in the pre-critical date claim, just material limitations. And the cases have stated that, even in Berger. Not all limitations of the count were in the pre-critical date claim. They focused on a limitation that was determined to be material. So you're not required to have all limitations. It's just material limitations, and that's determined in view of the count or the patent claim, depending upon the court's view. So once you have that, you've told the statute, because the interference could have been declared earlier because you have all material limitations of the patent claim. And that was the case in this instance. Both parties had been claiming and support for 12 years. It could have been declared by the patent office under 135A. The patent office could have looked at both applications and said they're claiming substantially the subject matter and declare the interference. Although we weren't required to, when Adair provoked the interference, Adair addressed the issue of 135B. And then again, before the interference is declared, the board will take a look at and determine whether or not 135B was complied with. Why didn't you simply provoke this interference prior to the expiration of the critical date? We missed it. Adair did not catch the patent until a second patent issued and then went back and realized that this patent is issued as well. So looking back to see if Adair had support, had a claim with substantially the same subject matter, then Adair provoked the interference. But even under the board's decision, even if and that was the issue in Regents, if an amendment is made then the board will prevent an applicant from getting into interference because if those amendments don't have all the same limitations between the two sets of claims. So you missed it. Isn't that the whole point of a statute of repose? If somebody misses it, they miss their time period and they should not be allowed to re-provoke. Unless, of course, they had the same claim earlier, which you didn't. You had one with differences. That's not what the case law has required. The case law, Corbett v. Chisholm. The case law requires that you follow the statute, which means you file within the period allowed before the one year time period expires. But they've recognized an exception when you've had claims to The case law did not require the same claim or the same subject. When you have a claim without material differences. Right. To the patent claim or the count. To the claim that you are now asserting. And those are determined in view of the count or the patent claim. It's not any differences between the two sets of claims. I'm not sure. I don't understand how you're reading Berger to support that argument. You look at page 982 of the Berger opinion. I'll give you a minute to get there. 982, the very bottom of the first column says the analysis focuses on the copied claim to determine whether all material limitations of the copied claim necessarily occur in the prior claims. Goes on to say if all material limitations of the copied claim are present in or necessarily result from the limitations of the prior claims then the copied claim is entitled to the earlier effective filing date of those prior claims. Now it's talking about the copied claim, but it's talking about all material limitations. Right. Not all limitations. That's what we're making the distinction. All material limitations. In Berger, the copied claim was verbatim from the patent claim. And the claim had additional limitations to that discussed by the court. The court discussed the circumferential groove limitation. But there was also a ring tab limitation in that claim. If you look on page 978 to claim 7, which was the claim from the Muller patent which Berger copied, it states said opening means includes a pull tab for removing a pull out section to form a pour out hole. And that wasn't in the prior claim. And that wasn't discussed as a material limitation or that wasn't discussed that it was required. So yes, we agree. It's all material limitations. Not all limitations. And it's looking to the count, which is usually, in this instance, the count was the same as the patent claim. It's not just looking at the pre and post critical date claims without reference to the count or the patent claim. And that's where we think the error has arisen. Because when you do that, you are imposing, especially if you're requiring us to have all limitations of the prior claim or vice versa, we can never meet that limitation over our prior claim. There's no way we can show that that limitation was in the prior claim. Isn't that consistent with the statute of repose? I'm out of time. Go ahead. Answer his question. The statute requires us to have all material limitations. The statute requires you to file before the critical date. Yes, but it has recognized exceptions when two parties are claiming something. That's not even in the statute, is it? That's case law. It's tried to rescue you if you had an identical claim before. In this case, you don't. I apologize. It's not an identical claim. You want to talk about what's material and what's not material. Thank you. Thank you. Mr. Ash. Thank you. May it please the court. The prosecution history and the interference record in this case reveal a stark factual reality, and that is that there are material differences between Adair's pre-critical date claims and Adair Claim 24. That fact is fatal to the patentability of Adair Claim 24, period. It's barred under 135B. The board properly reached that conclusion. They reached that conclusion by bedrock principles of law. First, 135B requires a comparison between pre- and post-critical date claims. That comparison ensures that the same interference could have been declared prior to the critical date. Two, material difference is based on if you have a claim that's rejected, you amend it. With that amendment, you make remarks saying, I'm amending the claim in order to overcome the rejection. That is strong, if not conclusive evidence of materiality. The third bedrock principle that the board's decision is based on is that a claim must be patentable in order for an interference to be declared on it. This is the law that the board applied. They got it right. Adair's claim is unpatentable under 135B. The board should be affirmed. Why don't we start with your number one, which, as I wrote it down here, the same interference could have been declared on the basis of the earlier claim. That was what you said is the bedrock principle. As I understand what Adair is arguing, their argument is, for materiality purposes, as long as the earlier claim and the later claim have all the material limitations of the interference count, that's what matters. Because then, you've established your bedrock principle number one, which is the same interference could have been called on the basis of the earlier claim. That's the error. I understand them to be making an error of law argument, not an error of fact with the board's opinion. But rather, the board didn't look at the right stuff for materiality. We don't have to have identical claims in the earlier and later one. It just has to have all the limitations that are important to the count. And that kind of is consistent with what you said. So I want to hear what you think about that. Because that seems to be their primary argument on the field, as I understand it. Exactly. So for purposes of clarity, I'm going to refer to the patent claims and the application claims. I'm not going to refer to the interference count. Because technically, that is something completely different from what we're dealing with here. I'm going to refer to the actual claims. But that's their point. It's not supposed to be different. My point is that I'll make reference to the patent claims. To the Carter patent claims. So Adair is correct insofar as you do compare the Adair claim to the Carter claim in order to ensure that all of the material limitations are there. If all of the material limitations are there, then 135B applies. If they're not, then 135B does not apply. That's the first step. So inherent in this analysis, the first step is to look at the patent claim and look at the applicant's claim and ask whether they are directed to the same or substantially the same subject matter. Then, if the applicant's claim is a post critical date claim, there is an additional requirement. And this is the point that Adair says does not exist. And that is that you must look to the post critical date claim and the pre critical date claim and ask if there are any material differences between those claims. And the reason you ask that question is to determine whether the same interference could have taken place. So if your post critical date claim is materially different. Sure. If your post critical date claim is materially different from your pre critical date claim, you could not have had the same interference. But that's not true, right? Your pre critical date claim and your post critical date claim could have lots of differences. Even material differences. But if they both contain all the elements of the count, then the differences between them are irrelevant to whether the interference could have been called. So an interference between those two claims, as long as they have the material elements of the count or Carter's claim, as you were referring to it. I agree. If 135B did not create a statutory bar, that would be correct. But what you're saying is that a interference, uninterference, could be declared. That's true. 135B was not there. But 135B requires is that the same interference, so that there cannot be pre critical date claims. But why do differences between the post and critical date claims matter if their difference is irrelevant to the interference count? They're not irrelevant to the patent claim. You're using the word interference count rather than patent claim. But the point is in order to have repose, the same claim must be presented. So let me give you an example. If you have a pre critical date claim that is then amended to add an additional material limitation, in addition to all of the limitations that match up with the patent claim, if the interference proceeded on that, the determinations regarding priority would be based on a different invention, a materially different invention. So that's where the addition of a material limitation from your pre critical date claim to your post critical date claim makes a difference. 135B requires the same interference could have been declared. And this is exactly what Regents said who were talking about the passage from, I think it was page 1375. Okay, I think I have your argument now. Let me make sure I got it. So you're saying it's not the same interference because if there's any material difference between pre critical date claim and post critical date claim, then that's a whole different invention and that would be a separate and distinctly different interference. Correct. That's your answer. Correct. Now, there's nothing to say that the applicant could not represent the post critical or the pre critical date claim and have an interference on that. They're just barred from the post critical date claim that has the material difference because that would result in a different interference. And this goes to I think this is consistent with this court's precedent all the way back to the cases that we've been discussing, Berger, Berman, Chisholm, all of those. So the next point that Adair raises relates to materiality and whether the board created a presumption of materiality in order to the board didn't create a new test for materiality and it didn't create an unholy... It just said strong evidence. It didn't even use the word presumption, did it? That's correct. It did not create an unholy matrimony between interference law and infringement law. What the board did was it faithfully followed this court's guidance in Parks v. Fine. Exact same situation there. The claim was rejected. It was amended with the amendment. There were remarks saying this is why we're amending it. It's exactly what Adair did here. That's what the record shows. And in that in Parks v. Fine, this court also analogized to the doctrine of equivalence. The board did the exact same thing here. This time citing to the Festo decision. So there's no error of law in the way that the board addressed this issue of materiality. Finally, on the point of needing a patentable claim in order to become involved in interference, that's also a bedrock principle of law. Adair asserts that we have not cited to any authority for that point. We disagree at pages 37 to 38 of our brief. We set forth ample authority for that. Going back to 1858 and In re Rogoff. In that case, the CCPA cited to the patent office rule saying that you need to have a patentable claim in order to initiate interference. The exact same rule exists today. And it existed before Adair requested its interference. You need a patentable claim in order to have an interference. If you don't have a patentable claim, you can't have an interference. Therefore, you can't have the same patentable date. Those are the main points that I wanted to cover. If the panel has any questions I'd be happy to address them. Thank you. Okay, thank you. First, regarding the board's decision and the presumption on page A9 of the appendix, the board states, one example of a material limitation is one that is necessary to patentability. When an applicant adds a limitation to a claim in response to a rejection and the added limitation results in allowance of the claim, the limitation is presumed to be necessary to patentability. So it is Adair's position that the board did apply a presumption of materiality. Mr. Ash noted that if there are added limitations to the post-critical date claim that weren't in the pre-critical date claim, it's a different interference because different proofs can be relied upon. But that's not the question under 135B. The question under 135B, as Mr. Ash aptly admitted, is whether or not the claim is to substantially the same subject matter. Regarding patentability, it's not a question of the patentability of the post-critical date claim that Adair is raising. It's the requirement for the patentability of the pre-critical date claim. And again, in Corbett, although your honors may disagree with Corbett allowing parties who have claimed substantially the same subject matter earlier on to rely on those claims, Corbett allowed the party to rely on claims that had been canceled and to rely on a combination of claims. So under the precedent of Corbett, one can rely on a pre-critical date claim in order to show compliance with the statute and one is not required to show that that pre-critical date claim be patentable. Thank you, Ms. Trujillo.